### B. D. McKIE, EX'R, v. H. & O. ECHOLS.

1w743
§ 1282
2w 93

(No. 2422, Op. Book No. 2, p. 648.)

APPEAL from Navarro County. Opinion by WATTS, J.

**§ 1282. Jurisdiction; plea of privilege by executor or administrator; requisites of.** McKie was sued as executor in Navarro county. He resided in Bell county, and pleaded to the jurisdiction of the court his privilege to be sued in the latter county. Held, the statute provides that a suit against an executor or administrator, to es-

tablish a moneyed demand against an estate, must be brought in the county where the estate is being administered. [R. S. 1198.] The rule of law is well recognized, that, in asserting his privilege to be sued in a particular county, the defendant must, by proper averments, give the plaintiff a better writ. As appellant was sued as executor upon what was claimed to be a moneyed demand against the estate he represented, it was necessary in his plea to aver in what county that estate was being administered. Failing to do this, his plea did not give the plaintiff a better writ, and was defective, and the court did not err in striking it out.

§ 1283. *Executed contract; money paid on; suit to recover back.* Appellees rented of appellant, as executor of an estate, a tract of land for the term of one year, and paid appellant $200 rent money. The land was at the time in litigation, and the result of that litigation was that the estate lost the land. At the time of the renting, and the payment of the rent money, appellees had full knowledge of all the facts, and there was no mistake of fact or fraud in the transaction. *Held,* appellees, by their contract with appellant, became his tenants, and under the general rule would not be heard to deny his title to the land. They could only avoid their contract by showing that it was induced by fraud, or originated in a mistake of fact. There was ample consideration to support the contract, for under it appellees had the use and possession of the land, while appellant was deprived of the same thereby. The facts do not support the judgment in favor of appellees.

June 14, 1882.                    Reversed and remanded.